UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARNEL WALKER, JR.,

                Plaintiff,

v.

TREVOR BIDDINGER et al.,

                Defendants.

_____/

Case No. 1:21-cv-106

Honorable Paul L. Maloney

**OPINION DENYING LEAVE**
**TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Plaintiff seeks leave to proceed *in forma pauperis*.  Because Plaintiff has filed at least three

lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from

proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  The Court will order Plaintiff to pay the

$402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1]

This fee must be paid within twenty-eight (28) days of this opinion and accompanying order.  If

Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice.

Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re*

*Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00.  28 U.S.C. § 1914(a).  The Clerk is also directed to collect a miscellaneous administrative fee of $52.00.   28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.  The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id*.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due

process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*,

148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan, having filed

at least twenty-five civil actions in this Court.  Both this Court and the Eastern District of Michigan

have dismissed seven of Plaintiff's civil rights actions as frivolous or for failure to state a claim.

*See Walker v. Case et al.*, No. 2:97-cv-187 (W.D. Mich. Oct. 10, 1997); *Walker v. Case*, No. 2:97-

cv-186 (W.D. Mich. Oct. 6, 1997); *Walker v. Herbst et al.*, No. 4:95-cv-86 (W.D. Mich. May 30,

1995); *Walker v. Pitcher et al.*, No. 4:95-cv-65 (W.D. Mich. May 1, 1995); *Walker v. McMillian

et al.*, No. 1:93-cv-10075 (E.D. Mich. May 7, 1993); *Walker v. Ingham Cnty. Prosecuting Att'y*,

No. 1:90-cv-503 (W.D. Mich. July 12, 1990); *Walker v. Martin et al.*, No. 1:89-cv-1103 (W.D.

Mich. Dec. 22, 1989).  Although five of the dismissals were entered before enactment of the PLRA

on April 26, 1996, the dismissals nevertheless count as strikes.  *See Wilson*, 148 F.3d at 604.

Moreover, Plaintiff's allegations do not fall within the "imminent danger"

exception to the three-strikes rule.  28 U.S.C. § 1915(g).  Plaintiff does not allege facts showing

that he is in imminent danger of serious physical injury.  He alleges only that, on March 1, 2019,

he was subjected to an illegal arrest and excessive force while being treated at the hospital on that

date.  Such allegations are directed only at past risks and do not support a finding of imminent

danger.  *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this

action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil

action filing fees, which total $402.00.  When Plaintiff pays his filing fees, the Court will screen

his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not

pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but

Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:    February 24, 2021                                    /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**