UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARNEL WALKER,

        Plaintiff,                        Case No. 1:21-cv-106

v.                                          Honorable Paul L. Maloney

TREVOR BIDDINGER et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss without prejudice for failure to state a claim, Plaintiff's federal search-and-seizure claim against Defendant Olson and will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims against Defendant Olson. Plaintiff's excessive-force and state-law claims against Defendants Biddinger, Perry, and Unknown Party #1 remain in the case.

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains occurred prior to his incarceration in the MDOC, although he claims that his continued incarceration also violates his Constitutional and state law rights. Plaintiff sues Maclaren Hospital Nurse Trevor Biddinger, Ingham County Sheriff Deputy Chelsea Perry, Unknown Party #1 named as Nurse or Doctor Jane Doe, and Ingham County Sheriff Deputy Nathan Olson.

Plaintiff alleges that on March 1, 2019, Defendant Olson made a traffic stop of Plaintiff's vehicle at approximately 2:30 a.m. for allegedly having a license plate light out, which is a civil infraction. Plaintiff told Defendant Olson that the vehicle belonged to his girlfriend and that he had just left her house. Defendant Olson ordered Plaintiff to surrender his keys, driver's license, registration, and proof of insurance.

Defendant Olson took Plaintiff's paperwork to his vehicle and, when he returned to Plaintiff's vehicle, he said that the vehicle had been reported stolen. Plaintiff told Defendant Olson that he could call the owner of the vehicle to prove that he had taken it with permission. Defendant Olson then arrested Plaintiff for possession of a stolen vehicle and searched the vehicle. During the search of the vehicle, Plaintiff began complaining of chest pain and was transported to the hospital by ambulance.

While at the hospital, he was treated by Defendant Biddinger, who asked Plaintiff for his social security number. Defendant Biddinger told Plaintiff that he had three chances to give the requested information and warned Plaintiff that if he did not comply, he would force a Q-tip swab into Plaintiff's urinary tract. Plaintiff did not believe Defendant Biddinger and refused, so

2

Defendant Perry held Plaintiff down and assisted Defendant Biddinger in pulling Plaintiff's pants down. Defendant Biddinger then forced a Q-tip swab into Plaintiff's penis while Plaintiff screamed for help. Defendant Unknown Party #1 then injected Plaintiff with an unknown substance which caused him to lose consciousness. Plaintiff woke up in jail "days later."

Plaintiff claims that ten hours after his arrest, the prosecution determined that no charges would be filed for possession of a stolen vehicle. Plaintiff states that despite this fact, Defendant Olson failed to release Plaintiff and, at the time he filed the complaint, Plaintiff had been held for twenty-two months without probable cause. However, according to the MDOC Offender Tracking Information System (OTIS), Plaintiff is currently serving sentences for numerous convictions, including three convictions for possession of controlled substances and three separate convictions for weapons offenses arising out of conduct that occurred on March 1, 2019, the date that Plaintiff was arrested by Defendant Olson. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=170829.

Plaintiff claims that Defendants subjected him to a false arrest, improperly searched his car, and used excessive force against him in violation of the Fourth Amendment. Plaintiff also claims that Defendants violated state law when they committed assault and battery, as well as false arrest and false imprisonment. Plaintiff seeks compensatory and punitive damages.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.  Effect of *Heck* on search-and seizure claims

Plaintiff claims that Defendant Olson violated his Fourth Amendment rights when he arrested Plaintiff and searched his vehicle. Plaintiff states that he has been illegally held in prison since that time. However, as noted above, OTIS shows that Plaintiff is currently serving sentences for three convictions related to the possession of controlled substances and three

4

convictions for weapons offenses. The OTIS also shows that the offenses occurred on March 1, 2019, the day that Defendant Olson pulled him over. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=170829. Although Plaintiff does not seek release from prison, he is seeking damages for his allegedly false arrest and imprisonment (ECF No. 1, PageID.8).

To the extent Plaintiff now seeks monetary relief for alleged violations of his Fourth Amendment rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646–48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations about the reasonableness of the arrest and search of his vehicle were integral to his criminal conviction. Based on Plaintiff's offender profile on OTIS, it is clear that search resulted in the discovery of both drugs and weapons, and that Plaintiff was subsequently convicted on the basis of that evidence. "Fourth Amendment claims arising out of

5

searches occurring prior to Plaintiff's [conviction] and incarceration [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487], on the grounds that a civil suit holding that these searches were improper would undermine the basis of [Plaintiff's conviction] and sentence." *Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008); *see also Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 609–14 (6th Cir. 2014) (holding that *Heck* barred the plaintiff's civil rights action that police used excessive force in making an arrest where the plaintiff was convicted of resisting arrest based on the same underlying exercise of force); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396, 398–99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned unless the evidence was admitted under an exception to the exclusionary rule), *overruled in other part, Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest).  Therefore, Plaintiff's action is barred under *Heck* unless and until his criminal conviction has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g), because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).  However, such a dismissal should be without prejudice. *Sampson v. Garrett*, 917 F.3d 880, 882-83 (6th Cir. 2019) (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992)).  The Court therefore will dismiss without prejudice for failure to state a claim Plaintiff's search-and-seizure claims against Defendant Olson.

6

IV. **Excessive force**

Plaintiff claims that Defendants Biddinger, Perry, and Unknown Party #1 subjected him to excessive force in violation of the Constitution. Excessive force claims can be resolved under the Fourth, Eighth and Fourteenth Amendments – the applicable amendment depends on the plaintiff's status at the time of the incident: a free citizen in the process of being arrested or seized; a convicted prisoner; or someone in "gray area[s]" around the two. *Burgess*, 735 F.3d 462, 472 (6th Cir. 2013); *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002). When a free citizen claims that a government actor used excessive force during the process of an arrest, seizure, or investigatory stop, we perform a Fourth Amendment inquiry into what was objectively "reasonable" under the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008).

In *Aldini v. Johnson*, 609 F.3d 858 (6th Cir. 2010), the Sixth Circuit holds that the Fourth Amendment applies to a pretrial detainee after the arrest until the detainee has been arraigned and a judge has found probable cause. If the arrest is made on a warrant (for which a probable cause determination already has been made), any force applied after the arrest itself is not covered by the Fourth Amendment. After a probable cause determination has been made, the standard is the substantive due process standard of the Fourteenth Amendment. *Id.*

According to Plaintiff's complaint, he was arrested without a warrant. Therefore, his excessive force claims are properly addressed under the Fourth Amendment. Determining whether the force used in a seizure was "reasonable" within the meaning of the Fourth Amendment requires consideration of "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Tennesee v. Garner*, 471 U.S. 1, 8–9 (1985)). The inquiry is

7

"whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citing *Scott v. United States*, 436 U.S. 128, 138 (1978)). Moreover, the reasonableness of the force must be judged from the perspective of a reasonable officer on the scene, "rather than with the 20/20 vision of hindsight." *Id.* at 396.

As noted above, Plaintiff claims that Defendant Perry held Plaintiff down while Defendant Biddinger forcefully penetrated his penis with a Q-tip swab all because Plaintiff would not give Defendant Biddinger his social security number. Plaintiff also claims that when he cried out for help, Defendant Unknown Party #1 drugged him without his consent. The Court concludes that Plaintiff's allegations are sufficient to state a claim of excessive force under the Fourth Amendment.

### V. State-law claims

Plaintiff seeks to raise state law claims of assault, battery, false arrest, false imprisonment, and intentional infliction of emotional distress. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

However, Plaintiff seeks to invoke this Court's supplemental jurisdiction over his state-law claims. Because Plaintiff continues to have federal claims against Defendants Biddinger, Perry, and Unknown Party #1 pending in this case, this court will exercise supplemental jurisdiction over Plaintiff's state law claims against those Defendants.

However, the Court has dismissed Plaintiff's only federal claim against Defendant Olson. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id*. Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, in light of the Court's dismissal of the federal claims against Defendant Olson, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction as to Defendant Olson. Accordingly, Plaintiff's state-law claims against Defendant Olson will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claim against Defendant Olson will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). In addition, Plaintiff's state-law claims against Defendant Olson will be dismissed without prejudice, as the Court declines to exercise its supplemental jurisdiction over them. The Court will order service of Plaintiff's excessive-force and state-law claims against Defendants Biddinger, Perry, and Unknown Party #1.

An order consistent with this opinion will be entered.

Dated: May 11, 2021   /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　United States District Judge