UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNEL WALKER, JR. #170829,

   Plaintiff,        Hon. Paul L. Maloney

v.             Case No. 1:21-cv-106

TREVOR BIDDINGER, et al.,

   Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 23) and Plaintiff's Motion to Amend Complaint (ECF No. 28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be dismissed without prejudice, Plaintiff's motion be granted, Plaintiff's amended complaint be dismissed, and this matter terminated.

**BACKGROUND**

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC). But the events giving rise to this action occurred prior to his incarceration with the MDOC. Plaintiff alleges the following in his complaint. (ECF No. 1).

On March 1, 2019, at approximately 2:45 a.m., Ingham County Deputy Sheriff Nathan Olson pulled over the vehicle Plaintiff was driving. Plaintiff provided Olson with his driver's license, vehicle registration, and proof of insurance. Olson returned

-1-

to his vehicle, but soon thereafter informed Plaintiff that the vehicle he was driving had been reported as stolen. Plaintiff was arrested after which Olson and another officer began searching the vehicle. While this search was ongoing, Plaintiff began to complain that he was experiencing "chest pains." An ambulance was summoned and Plaintiff was transported to McLaren Hospital.

At approximately 4:10 a.m., while Plaintiff was still in the hospital, Nurse Trevor Biddinger told Plaintiff that, if he did not provide his Social Security number, a "q-tip swab" would be inserted into his "penis hole." Plaintiff refused to provide his Social Security number at which point he was "attacked" by Ingham County Deputy Sheriff Chelsea Perry. While holding down Plaintiff's head, Perry helped Biddinger remove Plaintiff's pants after which Biddinger inserted a q-tip into Plaintiff's "penis hole." An unidentified person then injected "an unknown substance" into Plaintiff's leg rendering him unconscious. Despite a determination by the prosecuting attorney to not charge Plaintiff with possessing a stolen vehicle, Plaintiff was nonetheless detained unlawfully by Deputy Olson for twenty-two months.[1]

Plaintiff initiated this action on February 1, 2021, against Deputies Olson and Perry, Nurse Biddinger, and Doe, the unidentified medical provider. Plaintiff asserted that Defendants violated his Fourth Amendment rights by: (1) subjecting him to false arrest; (2) unlawfully searching the vehicle he was driving; and (3) employing excessive

---

[1] As the Court previously noted, however, Plaintiff was "detained" following multiple drug and weapons convictions arising from the events giving rise to this action. (ECF No. 9, PageID.46-47).

force.   Plaintiff also asserted state law claims for: (1) assault and battery; (2) false arrest; and (3) false imprisonment.

On May 11, 2021, the Honorable Paul L. Maloney dismissed Plaintiff's Fourth Amendment claims against Defendant Olson.   (ECF No. 9).   The Court also declined to exercise supplemental jurisdiction over Plaintiff's state law claims against Olson. With respect to Plaintiff's claims against Biddinger, Perry, and Doe, the Court ordered service of "Plaintiff's excessive-force and state-law claims. . ."   On August 26, 2021, Defendant Biddinger moved to dismiss Plaintiff's claims for failure to state a claim on which relief may be granted.   (ECF No. 23).   Plaintiff has responded by moving to amend his complaint.   (ECF No. 28).

## ANALYSIS

## I.    Defendant Biddinger's Motion to Dismiss

Defendant Biddinger moves to dismiss Plaintiff's original complaint on the ground that Plaintiff's allegations fail to state a claim on which relief may be granted. Curiously, the motion is also asserted by McLaren Hospital.   While McLaren Hospital is named as a defendant in Plaintiff's amended complaint, it was not named as a defendant in Plaintiff's original complaint and, therefore, was not a defendant when this motion was filed.   To the extent, therefore, that McLaren moves to dismiss Plaintiff's original complaint, such is disregarded.

As discussed below, the Court recommends that Plaintiff's motion to amend his complaint be granted thereby making Plaintiff's amended complaint the operative complaint.    Defendant Biddinger's motion to dismiss, however, targets Plaintiff's original complaint.    Because Defendant's motion seeks dismissal of claims asserted in a superseded pleading, the undersigned recommends that Defendant Biddinger's motion be dismissed without prejudice.

## II.    Plaintiff's Motion to Amend Complaint

At this stage of the proceedings, Plaintiff must obtain leave to amend his complaint which shall be freely given when justice so requires.    *See* Fed. R. Civ. P. 15(a)(1).    The factors relevant when considering whether to grant leave to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment.    *See Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2001).

Consideration of these factors weighs in favor of granting Plaintiff's motion. There is no evidence that Plaintiff has engaged in bad faith or undue delay.    Plaintiff's initial complaint and his proposed amended complaint are both premised on the same general factual allegations, thus the Court discerns no prejudice to Defendants. Accordingly, the undersigned recommends that Plaintiff's proposed amended complaint (ECF No. 28-1, PageID.116-24) be accepted for filing and constitute the operative complaint going forward.

-4-

### III.    Assessment of Plaintiff's Amended Complaint

As the Court previously observed, pursuant to the Prison Litigation Reform Act (PLRA), the Court "is required to dismiss any prisoner action brought under federal law" if the complaint fails to state a claim upon which relief may be granted.    (ECF No. 9, PageID.43).

To avoid dismissal for failure to state a claim, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Plaintiff must likewise articulate facts sufficient to allege a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Ibid.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals

-5-

> observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common
> sense.    But where the well pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct,
> the complaint has alleged - but it has not 'show[n]' – 'that the
> pleader is entitled to relief.'

*Id.* at 678-79 (internal citations omitted).

While Plaintiff's amended complaint concerns the same general events discussed above, different causes of action are asserted therein.    The claims in Plaintiff's amended complaint are all premised on his allegation that the "unknown doctor" (hereinafter Doe) "breached her duty and committed malpractice when she ordered defendant Biddinger to forcibly catheterize Plaintiff without his consent, a warrant or court order."    Based on this allegation, Plaintiff asserts the following causes of action: (1) medical malpractice against Biddinger and Doe; (2) sexual assault against Biddinger and McLaren Hospital; (3) battery against Biddinger, Doe, and McLaren Hospital; (4) failure to train against McLaren Hospital; and (5) illegal search and seizure against Biddinger and Doe.    As discussed below, Plaintiff's federal law claims fail to state a claim on which relief may be granted.

A.    Defendants Doe and Biddinger

Plaintiff alleges that Defendants Biddinger and Doe violated his Fourth Amendment right to be free from unreasonable searches and seizures.    While the forced catheterization of Plaintiff may constitute a search and/or seizure, Plaintiff's claim fails because he has failed to sufficiently allege that Biddinger or Doe were state actors.    To prevail on these claims, Plaintiff must establish that his Fourth Amendment rights were

violated by a person *acting under color of state law*.   *See, e.g., Rudd v. City of Norton Shores*, 977 F.3d 503, 512 (6th Cir. 2020).

Biddinger and Doe are considered state actors for present purposes only if their alleged conduct giving rise to Plaintiff's claims is "fairly attributable to the State." *Marie v. American Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014).   It is insufficient, however, for Plaintiff to merely assert the legal conclusion that Defendants were state actors during the events in question.   *Ibid.* ("simply alleging in a complaint that the Red Cross is a state actor. . .is no longer, if it ever was, sufficient to survive a motion to dismiss").   Rather, Plaintiff must allege facts "giving rise to a reasonable inference" that Defendants Biddinger and Doe were functioning as state actors during the events in question.   *Id.* at 362-63.

Plaintiff's amended complaint contains no such allegations.   Plaintiff alleges that Doe, a private actor, instructed Biddinger, a private actor, to violate Plaintiff's Fourth Amendment rights.   Plaintiff has failed to allege facts from which there exists a reasonable inference that Defendants Doe or Biddinger were functioning as state actors. Accordingly, the undersigned recommends that Plaintiff's Fourth Amendment claims against Defendants Doe and Biddinger be dismissed for failure to state a claim on which relief may be granted.

B.     Defendant McLaren Hospital

Plaintiff alleges that McLaren Hospital violated his federal rights by failing to train Defendants Doe and Biddinger "not to deny Plaintiff the right to refuse medical treatment."   It is well understood that a municipality cannot be sued simply because one of its agents or employees violated a plaintiff's rights.   *See Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 402-03 (1997).   But, where a plaintiff suffers an injury *because of* a municipality's failure to train its employees or agents, the municipality can be held liable.   *Id.* at 403-05.   Plaintiff's failure to train claim, however, fails for two reasons.

First, failure to train claims cannot be asserted against private entities such as a private hospital.   Instead, failure to train claims are a means by which a plaintiff can seek relief against a governmental entity for its own constitutional violations.   *See, e.g., City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-86 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)).   Stated differently, limiting failure to train claims to government defendants is consistent with the requirement that § 1983 claims can only be asserted against state actors.   Plaintiff has not alleged that McLaren Hospital is affiliated with or operated by any governmental entity or subdivision.   Thus, Plaintiff cannot maintain his failure to train claim against McLaren.

Second, even if Plaintiff could assert a failure to train claim against McLaren, any such claim necessarily fails because Plaintiff cannot demonstrate that any employee or agent of McLaren violated his federal rights.    *See, e.g., McDonel v. City of Detroit*, 2021 WL 3603344 at *14 (E.D. Mich., Aug. 13, 2021) (where "a municipality's liability is alleged on the basis of the unconstitutional actions of its employees, it is necessary to show that the employees inflicted a constitutional harm").   As discussed above, Plaintiff has failed to allege that any McLaren employee or agent violated his federal rights. Accordingly, the undersigned recommends that Plaintiff's failure to train claim against McLaren Hospital be dismissed for failure to state a claim on which relief may be granted.

C.    Plaintiff's State Law Claims

As noted above, Plaintiff asserts several state law claims against Defendants Biddinger, Doe, and McLaren Hospital.   Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction."   Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well."   *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same).   As discussed above, the undersigned recommends that the federal law claims asserted in Plaintiff's amended complaint be dismissed for failure to state a claim on which relief may be

granted.    Accordingly, the undersigned likewise recommends that the Court decline to exercise jurisdiction over the state law claims asserted in Plaintiff's amended complaint and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that: (1) Defendant's Motion to Dismiss (ECF No. 23) be dismissed without prejudice; (2) Plaintiff's Motion to Amend Complaint (ECF No. 28) be granted; (3) the federal law claims asserted in Plaintiff's amended complaint be dismissed for failure to state a claim on which relief may be granted; and (4) the state law claims asserted in Plaintiff's amended complaint be dismissed without prejudice, and this action terminated.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.    *Coppedge v. United States*, 369 U.S. 438, 445 (1962).    Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

-10-

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 19, 2021                              /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge

-11-