UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARNEL WALKER, JR., #170829,  ) | |
| Plaintiff,  ) | |
| ) | No. 1:21-cv-106 |
| v.  ) | |
| ) | Honorable Paul L. Maloney |
| TREVOR BIDDINGER, et al.,  ) | |
| Defendants.  ) | |
| ) | |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on October 19, 2021 (ECF No. 35). The R&R recommends that (1) this Court grant Plaintiff's motion to amend his complaint, (2) dismiss without prejudice Defendants' motion to dismiss, (3) dismiss the federal claims asserted in Plaintiff's amended complaint for failure to state a claim upon which relief can be granted, and (4) decline to exercise jurisdiction over Plaintiff's remaining state-law claims. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff and Defendant Perry subsequently filed objections to the R&R (ECF Nos. 38, 40), and no party filed a reply to the opposing party's objections. Because Plaintiff has failed to state a federal claim upon which relief can be granted, the Court will adopt the R&R, terminate this matter, and dismiss Plaintiff's state-law claims without prejudice so that he may pursue them in the appropriate state forum.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

The facts giving rise to this matter are as follows. On March 1, 2019, an Ingham County Deputy Sheriff pulled over the vehicle Plaintiff was driving. The Deputy Sheriff informed Plaintiff during the traffic stop that the vehicle Plaintiff was driving had been reported as stolen, and Plaintiff was subsequently arrested. While officers were searching his vehicle after his arrest, Plaintiff began experiencing "chest pains," and he was transported to McLaren Hospital in Lansing, Michigan. While at the hospital, Plaintiff asserts that he was subject to several unwanted medical procedures including a forced catheterization and an injection into his leg that rendered him unconscious. He then initiated this action asserting Fourth Amendment violations, Due Process Clause violations, and multiple state-law claims. Defendants Biddinger and the Unknown Doctor filed a motion to dismiss, to which Plaintiff responded by filing a motion to amend his complaint.

In his R&R, Magistrate Judge Green recommends granting Plaintiff's motion to amend his complaint. Because Defendants' motion to dismiss would then seek dismissal of claims asserted in a superseded pleading, the R&R recommends dismissal of the motion to

2

dismiss without prejudice. Magistrate Judge Green then conducted a review of Plaintiff's amended complaint, pursuant to the Prison Litigation Reform Act, to ensure that the complaint states a claim upon which relief can be granted. After this review, the magistrate judge concluded that Plaintiff's federal claims, brought under 42 U.S.C. § 1983, are improper. The constitutional claims that Plaintiff alleges are brought against private parties, not state actors. And because Plaintiff would have no remaining federal claims once the improper § 1983 claims are dismissed, the R&R recommends declining to exercise jurisdiction over Plaintiff's state-law claims and dismissing them without prejudice.

This Court conducted a de novo review. On review of the evidence, the R&R is adopted over the parties' objections. First, Plaintiff has filed three objections. He first asserts that the R&R failed to address the conspiracy claim alleged in his amended complaint. Plaintiff's "conspiracy claim" appears to be alleged in Paragraph 3 of the statement of facts in his amended complaint (*see* ECF No. 28-1 at PageID.117, ¶ 3). Even if the Court construed this paragraph as a validly pled claim for relief, civil conspiracy is a state-law claim. *See Swain v. Morse*, 957 N.W.2d 396, 409 (Mich. Ct. App. 2020) ("A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means."). The R&R explained why the Court need not address Plaintiff's state-law claims; thus, this objection is overruled.

Plaintiff's next two objections assert that the magistrate judge failed to "read his complaint indulgently" regarding Plaintiff's assertions that Defendants Biddinger and the Unknown Doctor violated his constitutional right to refuse medical treatment (ECF No. 40

3

at PageID.184). This objection is overruled because the R&R explained why Plaintiff's federal claims cannot be maintained—private parties' conduct does not give rise to constitutional claims brought via § 1983. Although the R&R only explained this conclusion in the context of Plaintiff's Fourth Amendment claims, the same analysis applies to his Fourteenth Amendment claims also asserted against private actors.

Next, Defendant Chelsea Perry, an Ingham County Deputy Sheriff also filed "objections" to the R&R, but the document is really a motion seeking clarification from the Court. Defendant Perry does not object to the magistrate judge's recommendations in the R&R. Rather, she "desires to bring to the Court's attention that the Magistrate's Report and Recommendation (ECF No. 35) fails to address Plaintiff's claim against Defendant Perry" (ECF No. 38 at PageID.174), although the R&R recommends dismissal of the matter. She thus seeks to ensure that the claim against her will also be dismissed.

The only "claim" alleged against Defendant Perry in Plaintiff's amended complaint is the conspiracy claim asserted in the statement of facts. It alleges that she conspired with Defendant Biddinger to conceal their alleged excessive force and various state-law violations. As stated above, civil conspiracy is a state law claim. *See Swain*, 957 N.W.2d at 409. And because this Court will dismiss all of Plaintiff's improper federal claims and decline to exercise supplemental jurisdiction over the remaining state-law claims, including the conspiracy claim, the only claim alleged against Defendant Perry will be dismissed. This is consistent with the R&R, which recommends dismissal of the entire matter.

Given that there are no errors in the magistrate judge's analysis and Plaintiff has failed to state a federal claim upon which relief can be granted, the Court will adopt the R&R,

4

dismiss Plaintiff's federal claims, and decline to exercise jurisdiction over Plaintiff's state-law claims. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 35) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint (ECF No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 23) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all remaining Defendants are hereby **TERMINATED** pursuant to this order terminating the matter.

**IT IS SO ORDERED.**

Date: November 17, 2021                            /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge